IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SYLVIA F. MALDONADO | § § | |
| V. | § § | C.A. NO. _____ |
| UNITED STATES OF AMERICA | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Sylvia F. Maldonado, hereinafter referred to as Plaintiff, complaining of the United States of America, hereinafter referred to as Defendant, and would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff is a resident and citizen of Texas.

2. Defendant United States of America ("Defendant" or "United States" or "U.S.") may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint as follows: (i) to Acting United States Attorney, Alamdar Hamdani, United States Attorney for the Southern District of Texas, at his office, United States Attorney, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002, or by certified mail, return receipt requested to the attention of the Civil-Process Clerk at the United States Attorney's office, and (ii) to Pamela Bondi, Attorney General of the United States, or her successor, by certified mail, return receipt requested, at the Attorney General's Office, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because this action is brought pursuant to and in compliance with the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–2680, which vests exclusive subject-matter jurisdiction in federal district court.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1402(b) as the United States Postal Service is an agency within the government of the United States of America. Further, venue is proper in this district and division pursuant to 28 U.S.C. § 1391(e) and § 1402(b) because the acts and omissions complained of and a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

5. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), and 28 C.F.R. Part 14, the claim set forth herein was filed with and presented administratively or transferred to the federal agency whose activities gave rise to the subject claim. The claim has not been returned to Plaintiff. More than six months has passed since the presentment of the administrative claim and Defendant has failed to resolve the claim. Accordingly, Plaintiff has exhausted her administrative remedies under 28 U.S.C. § 2675(a) and complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## UNITED STATES POSTAL SERVICE IS AN AGENCY OF THE UNITED STATES GOVERNMENT

6. This case arises from a motor-vehicle crash involving a vehicle owned and operated by the United States Postal Service. The United States Postal Service is a federal agency within the government of the United States of America. At all times material hereto, the United States of America, through its agency, the United States Postal Service, owned, operated and/or controlled the United States Postal Service involved in the occurrence in question and staffed said agency and agency vehicles with its employees and/or agents. Therefore, at all relevant times, all persons involved in operating the subject U.S. Postal Service vehicle and in hiring, training, and/or supervising the U.S. Postal Service employees and agents were employees of Defendant and acting within the course and scope of their employment, agency, authority and/or duties with Defendant and/or in furtherance of Defendant's affairs. Upon information and belief, this includes but is not limited to the driver of the subject U.S. Postal Service vehicle involved in the occurrence in question.

## LIABILITY OF THE DEFENDANT UNITED STATES

7. This case is commenced and prosecuted against Defendant United States of America pursuant to and in compliance with 28 U.S.C. §§ 1346(b) and 2671–2680, commonly known as the Federal Tort Claims Act. Defendant's liability for money damages is predicated on 28 U.S.C. §§ 1346(b) and 2674 because the damages suffered by the Plaintiff were proximately caused by the negligence or wrongful acts or omissions of Defendant's employees or agents—including the driver of the subject U.S. Postal Service vehicle at issue—while acting within the scope of their office or employment, under

3

circumstances where the Defendant, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual.

## **FACTS**

8. It has become necessary for your Plaintiff to file this action against Defendant to recover compensatory damages as a result of a motor-vehicle collision that occurred on or about February 18, 2023, in Laredo, Webb County, Texas. On that date, Ricardo Maldonado was operating Plaintiff's vehicle on Stewart Street, within his designated lane of travel, when Defendant's vehicle (*i.e.*, the U.S. Postal Service vehicle) crashed into the passenger side of Plaintiff's vehicle. The driver of Defendant's vehicle, Juan Manuel Gallegos, Jr., failed to, among other things, keep a proper lookout and yield the right of way, which proximately caused the collision in question and Plaintiff's resulting damages.

9. At all times material, Defendant, through the U.S. Postal Service, is alleged to be the owner and operator of the subject U.S. Postal Service vehicle involved in the collision in question. In addition, the driver of the subject U.S. Postal Service vehicle is alleged to have been operating said vehicle within the course and scope of his office and employment and as an employee or agent of Defendant. Plaintiff alleges that the collision in question was caused by the wrongful acts or omissions or negligence of Juan Manuel Gallegos, Jr. Therefore, Plaintiff alleges Defendant is liable for the acts and/or omissions of negligence of its employee, Juan Manuel Gallegos, Jr., that proximately caused the collision in question and Plaintiff's resulting damages. Defendant—by and through its employee, Juan Manuel Gallegos, Jr.—owed duties to Plaintiff and violated such duties through the following acts and/or omissions, singularly or in combination:

      a)      Failure to keep a proper lookout;

      b)      Failure to control speed;

      c)      Failure to timely and properly apply brakes;

      d)      Failure to yield right-of-way;

      e)      Failure to control the vehicle to avoid a collision;

      f)      Failure to stop before entering Plaintiff's lane of traffic (negligence per se);

      g)      Failure to maintain an assured clear distance;

      h)      Failure to take proper and timely evasive action;

      i)      Distracted driving; and/or

      j)      Driver inattention.

Such acts and/or omissions, singularly or in combination, as applicable and as the evidence will reveal, constitute negligence and such negligence proximately caused the occurrence in question and the damages sustained by your Plaintiff.

## **DAMAGES**

10.     As a direct and proximate result of the acts and/or omissions of negligence of the Defendant referenced above, Plaintiff Sylvia F. Maldonado's vehicle was damaged. Plaintiff seeks the necessary and reasonable costs of repairing the vehicle to its condition immediately prior to the subject crash and damages for the diminished value of the vehicle as a result of the subject crash and/or, alternatively, damages for the market value of the vehicle immediately before the subject crash. Plaintiff also seeks loss-of-use damages for the reasonable time that Plaintiff lost the use and enjoyment of the vehicle. Further, Plaintiff seeks any out-of-pocket expenses or pecuniary losses incurred as a result of the vehicle being involved in the subject crash. Plaintiff sues for these damages in an amount

within the jurisdictional limits of the Court in an amount not to exceed the amount stated in the administrative claim except for newly discovered evidence or intervening facts per applicable law.

11. All conditions precedent to the filing, prosecution, and recovery of damages from the Defendant have occurred or will have occurred before trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff does have and recover of, from and against the Defendant her compensatory damages as referenced, prejudgment and postjudgment interest, court costs, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
e-mail: firm@h-kfirm.com

BY: */s/ Ryan King*
RYAN KING, *Attorney in Charge*
SBN 24073263, FBN 1114926
JOHN D. WOOD, JR.
SBN 24067950, FBN 1070930
Attorneys for Plaintiff